CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| United States of America | ) |
| and | ) |
| Commonwealth of Virginia, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 3:25-cv-00021 |
| Frazier T. Boyd, III | ) |
| and | ) |
| Boyd Farm LLC, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the parties' joint motion for entry of a proposed Consent Decree they filed on April 15, 2025 (Dkt. 4). For the reasons discussed below, the court will grant the motion and enter the Consent Decree (Dkt. 2-1).

### I.  Background

The United States of America and Commonwealth of Virginia filed this action against Defendants Frazier T. Boyd, III and Boyd Farm LLC on April 15, 2025. (Compl. (Dkt. 1).) The complaint sought civil penalties and injunctive relief against Defendants for discharging pollutants into waters on three properties in Louisa County and Goochland County, Virginia, without authorization, in violation of Section 301(a) of the Clean Water Act ("CWA"), 33

U.S.C. § 1311(a), and Virginia's State Water Control Law ("SWCL"), Va. Code § 62.1-44.5(A)(2)–(4).[1]  (*See id.* ¶¶ 1–2.)

Before Plaintiffs filed the complaint, the parties engaged in extensive settlement negotiations and reached an agreement on a proposed Consent Decree.  The proposed Consent Decree requires Defendants to pay a civil penalty of $450,000, with half the penalty paid to the United States and the other half to Virginia.  (Prop. Consent Decree ¶ 12 (Dkt. 2-1).)  It also requires Defendants to come into compliance with applicable federal and state law by restoring certain impacted areas and purchasing compensatory mitigation credits to offset impacts to wetlands and streams that cannot be restored to their pre-disturbance conditions.  (*Id.* ¶ 18; *see id.* App. B.)

The same day they filed the complaint, Plaintiffs notified the court that they were lodging the proposed Consent Decree, which, if approved, would resolve all the claims in this litigation.  (Pls.' Notice of Lodging of Consent Decree (Dkt. 2).)  They attached a copy of the proposed Consent Decree signed by all parties but asked the court to withhold consideration while the United States provided an opportunity for public comment pursuant to 28 C.F.R. § 50.7.

---

[1] This is not the first legal action the United States and Virginia have taken against Defendants for unauthorized discharges on the three properties.  The complaint states that in 2019, the Virginia Department of Environmental Quality ("VADEQ") inspected the three properties, identified violations of the SWCL, and issued a Notice of Violation to Defendants. (Compl. ¶¶ 44, 55, 65.)  EPA also inspected the properties and, in 2020, entered Administrative Orders on Consent that required Defendants to submit an EPA-approved restoration plan for each property.  (*Id.* ¶ 46 (citing Docket No. CWA-03-2020-0109DW); *id.* ¶ 57 (citing Docket No. CWA-03-2020-0088DW); *id.* ¶ 67 (citing Docket No. CWA-03-2020-0089DW).)  The United States and Virginia allege that Boyd failed to perform the required restoration work for one of the properties.  (*Id.* ¶ 46.)  And in June 2024, the United States filed criminal charges against Boyd Farm LLC in the United States District Court for the Eastern District of Virginia for violations of the CWA on the three properties.  *See United States v. Boyd Farm LLC*, No. 3:24-cr-00091 (filed June 21, 2024).  Boyd Farm LLC pled guilty to one count of unlawfully discharging a pollutant in violation of 33 U.S.C. § 1319(c)(2)(A).  *See* Plea Agreement, *id.* (June 27, 2024).  It was sentenced to one year of probation and fined $300,000.  *See* Judgment, *id.* (July 1, 2024).

On April 23, 2025, the United States Department of Justice published notice of the proposed Consent Decree in the Federal Register and requested comment for a 30-day period. *See* Notice of Lodging Prop. Consent Decree, 90 Fed. Reg. 17083 (Apr. 23, 2025). The United States received one comment expressing concern that the penalty would not deter Defendants' unlawful activities. (*See* Joint Mot. for Entry of Consent Decree ¶ 10 (Dkt. 4).) The Virginia Department of Environmental Quality ("VADEQ") also published notice of the proposed Consent Decree on its website for a 30-day public comment period, which ended on May 18, 2025. (*Id.* ¶ 18.) No comments were received. (*Id.*) VADEQ also notified Louisa County and Goochland County pursuant to Va. Code § 62.1-44.15:4(E). (*Id.*)

On June 10, 2025, the parties jointly moved for approval and entry of the proposed Consent Decree. (Joint Mot. for Entry of Consent Decree.) The United States concluded that it had no reason to withhold or withdraw its consent to the proposed Consent Decree based on the public comment it received and therefore joined the other parties in asking for approval of the Decree.[2] (*Id.* ¶ 19.)

## II. Standard of Review

A consent decree has "elements of both judgment and contract" and "is subject to judicial approval and oversight generally not present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (cleaned up). When considering whether to approve a proposed consent decree, a district court should "be guided by the general principle that settlements are encouraged," but it "should not blindly accept the terms of a

---

[2] The United States may withhold or withdraw its consent to a proposed consent decree if public comments "disclose facts or considerations which indicate that the proposed judgment is inappropriate, improper or inadequate." 28 C.F.R. § 50.7(b).

proposed settlement." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). "[T]he court must take the necessary steps to ensure that it is able to reach an informed, just and reasoned decision." *Id.* (internal quotation marks omitted). The Fourth Circuit has instructed courts to review the terms of a consent decree to ensure the agreement "is fair, adequate, and reasonable" and "not illegal, a product of collusion, or against the public interest." *Id.* (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991)). The court "must assess the strength of the plaintiff's case" when evaluating the fairness and adequacy of a proposed settlement. *Id.* It also should consider "the extent of discovery that has taken place, the stage of the proceedings," and "the experience of plaintiffs' counsel who negotiated the settlement." *Id.* (citation omitted).

Where, as here, "a settlement has been negotiated by a specially equipped agency, the presumption in favor of settlement is particularly strong." *League of Women Voters of Va. v. Va. State Bd. of Elections*, 458 F. Supp. 3d 442, 449 (W.D. Va. 2020) (citation omitted); *see also United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991) (stating that the presumption in favor of settlement "is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field").

### III.   Analysis

The court has reviewed the terms of the proposed Consent Decree and finds that it is fair, adequate, reasonable, and consistent with the public interest. As to the fairness of the settlement, there is no reason to question that the parties on both sides of the dispute were represented by experienced and competent counsel and reached an agreement through

extensive, good-faith negotiations. *See City of Bristol, Tenn. v. City of Bristol, Va.*, No. 1:22-cv-00023, 2023 WL 5528610, at *2 (W.D. Va. Aug. 28, 2023) (finding that consent order was fair when it was the product of "arms-length, good faith" negotiations). The Consent Decree provides some relief or benefit to all parties. It requires Defendants to take steps to remediate the alleged violations of the CWA and SWCL while allowing the parties to avoid potentially lengthy and costly litigation. There is no indication that the settlement is unlawful or the product of collusion.

The court also finds that the proposed Consent Decree is adequate and reasonable. When assessing these factors, courts "focus on the extent to which the decree is confined to the dispute between the parties and whether the decree adequately accomplishes its purported goal." *Id.* (quoting *United States v. Hyundai Motor Co.*, 77 F. Supp. 3d 197, 200 (D.D.C. 2015)). Here, the proposed Consent Decree is properly tailored to addressing the unlawful discharge of pollutants on Defendants' properties. In addition to paying a civil penalty of $450,000, Defendants must take measures to restore impacted areas and purchase compensatory mitigation credits to offset impacts to areas that cannot be restored, as outlined in the Restoration and Mitigation Work Plan. (Prop Consent Decree ¶¶ 12, 18; *id.* App. B). The proposed Consent Decree establishes monitoring and reporting requirements for Defendants and prescribes stipulated penalties if they violate terms of the Decree. (*See id.* ¶¶ 20, 24–44.) It also permanently enjoins Defendants from discharging any pollutant to waters of the United States or Virginia unless the discharge complies with applicable laws. (*Id.* ¶ 17.) The court is satisfied that the terms of the settlement—which the parties reached after extensive negotiations—appropriately account for Defendants' conduct and Plaintiffs' likelihood of

establishing violations of the CWA and SWCL. In reaching that conclusion, the court notes that Defendant Boyd Farm LLC previously pled guilty and was convicted of a criminal violation of the CWA arising from the same conduct. In pleading guilty, Boyd Farm LLC agreed to a statement of facts detailing how it directed land-clearing and earth-moving activities that resulted in the unauthorized discharge of pollutants into waters on the same three properties in Louisa and Goochland Counties. *See* Statement of Facts, *United States v. Boyd Farm LLC*, No. 3:24-cr-00091 (E.D. Va. June 27, 2024).

Finally, the proposed Consent Decree is consistent with the public interest. By mandating the restoration of affected waters, it advances the public objectives served by the CWA and SWCL. *See* 33 U.S.C. § 1251(a); Va. Code Ann. § 62.1-44.2. The settlement also avoids protracted litigation that would require the use of public funds. The federal and state comment periods provided opportunities for members of the public to communicate concerns about the terms of the proposed Consent Decree. While the United States received one comment expressing concern that the penalty imposed on Defendants is inadequate, the court remains satisfied that the settlement includes just and reasonable terms. The fact that the United States and Virginia negotiated the proposed Consent Decree on behalf of EPA and VADEQ reinforces this conclusion. (*See* Prop. Consent Decree at 3.) Those agencies are "specially equipped" to enforce the provisions of the CWA and SWCL, so "the presumption in favor of settlement is particularly strong" in this case. *League of Women Voters of Va.*, 458 F. Supp. 3d at 449.

### IV.     Conclusion and Order

For the reasons stated above, the court **GRANTS** the parties' joint motion for entry of the proposed Consent Decree (Dkt. 4) and **APPROVES** the Consent Decree (Dkt. 2-1). The Consent Decree will be signed and entered as an order of the Court.

The Clerk is directed to strike this case from the court's active docket, with the court retaining jurisdiction pursuant to Article XVI of the Consent Decree and any other provision in the Consent Decree that contemplates the potential for future action by the court.

**ENTERED** this 30th day of June, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE